UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HANI FADL KAMAL KAMEL,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et. al.,

Respondents.

No. 1:26-cv-01037-DAD-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

According to Petitioner, he entered the United States without inspection on September 27, 2024. See ECF No. 1, pg. 1. Petitioner contends he was initially detained pursuant to a Form I-200 Warrant and was released on parole by Department of Homeland Security. See id. Petitioner asserts he was denied due process when he was re-detained on August 26, 2025, without notice or a pre-deprivation bond hearing. See id. at 2.

The District Judge ordered Respondents restrained from removing Petitioner out of the Eastern District or out of California. See ECF No. 7. Additionally, the District Judge ordered Respondents to file an opposition and directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in

Perez v. Albarran, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov 14, 2025), O.A.C.S. v. Wofford, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), or other similar cases previously decided by the court. See id.

Respondents filed a joint opposition to injunctive relief and response to the petition, stating there were no distinguishable facts between this case and the Court's prior decisions. See ECF No. 8, pg. 1. Petitioner filed a reply. See ECF No. 9. The Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. See ECF No. 10. The Court ordered:

> (1) Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his 8/26/2025 re-detention; and
>
> (2) Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances justifying petitioner's re-detention. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.
>
> Id.

The matter was referred to the undersigned for further proceedings. The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 10, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at

issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 14, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE